We'll turn to the next case, which is United States v. James L. Nelson. Counsel. Good morning. I may have pleased the court. Your Honors, we have two issues in our brief. I would like to rely on my brief with regards to point two, which is the risk notification issue. Unless the court has any questions, I'd like to I need you to speak up, though. Could you do that? How is this, Your Honor? It's a little better. Thank you. I apologize. Much better. OK. OK. Your Honors, I'd like to dive into the suppression issue, if I may, which is in point one. The the warrant application here provided scarce and conclusory information for the issuing judge that materially contradicted the town court's notes. If you look at the affidavit in support of the application, paragraph two, Detective Oswald provided a conclusory terms that he believed that the confidential informant was reliable and also described that he personally observed two control buys. I'd like to note for the court that these two control buys effectively disappeared from the case after this. You won't see them in the affidavit in support of the complaint, which was filed two days after the warrant was executed. He wasn't indicted on either one of these control buys, which is very unusual. They wouldn't have to burn their CI to indict him on those. You don't see the control buys mentioned in the relevant offense period section of the plea agreement. We only see the control buys mentioned again in the probation report, paragraphs 11 and 12. And apparently we learned that they never did any testing for any drugs that they received there. Can I just I'm sorry. Can I ask you about that? I'm glad you brought up the PSR because I had that highlighted. It appears that the district judge adopted the factual findings of the PSR, including paragraphs 10 and 11, which referred without objection, specifically during the sentencing transcript. So it appears that the defense conceded before the district court that those two controlled buys actually occurred. Am I reading that right? I'm looking at joint appendix, page 378, where the district court adopts the factual findings without objection. Could you just tell me if I'm reading that right? You said 378 of the joint appendix, your honor? Yes. May I just take one moment just to make sure I'm looking at the. I stand your reading from the sentencing minutes, which is at 378, is that correct? Correct. In particular, if I could direct your attention to lines 14, 15, 16, where the district court said there's no dispute about the facts in the report. And therefore, the court adopts these facts as its findings of fact, and that included paragraph 10, 11. So what I'd like to do is if you could just clarify, I mean, I may be missing some other portion of the record where there was an objection to those paragraphs. Perhaps I'm misreading it. I'm sorry. Go ahead, Judge. No, no, that's it. Judge, I don't see an objection there in the record, and I don't recall there being another objection specifically to that. I'm going to review that if you don't mind while opposing counsel is arguing. Maybe I'll have a more clear answer for you. Sure. And obviously, the reason I raise that is if, in fact, the defense has conceded that those controlled buys, in fact, occurred and the district court absent objection found that they occurred. Doesn't that completely undermine at least that portion of your Frank's argument, which is that the affiant misled the judge who issued the warrant because those control buys did not, in fact, occur? I do believe counsel made numerous objections to try to learn more about this information and get context to it. And I would ask the court not to review or not to interpret the record that way. It was not counsel's intention to concede that at all. He had tried. Hang on. I'm sorry. It doesn't really matter if he conceded it. Right. Like if he had some other intention in mind in his heart of hearts, that doesn't really affect anything. Right. The question is simply, did he concede those facts were true? And if so, doesn't that have a consequence, at least for a portion of your Frank's argument? For a portion of it, yes, it would, Judge. And I would but I would like to address that more sufficiently. I want to review that that section. I appreciate your question, of course. I'd ask this court to consider the affidavit in light of the notes that were that we received from the issuing judge here. I'm not in any way criticizing the town judge's handwriting. I have worse handwriting. But there's one part of these notes. I'd ask the court to zoom in on here. The the C.I. told the issuing judge that he had not worked with the Tonawanda police in the past. We believe that is a material contradiction to the affidavit in support from Detective Oswald. And I'm sorry. Again, could you tell me where in the affidavit presented to the issuing judge? There's a representation that he had worked with the Tonawanda police in the past, meaning previous to the controlled purchases. Judge, I would. So the way that we're reading that is previous to the December 5th date that he's in front of the judge. So, again, just paragraph two. Where in the record? Paragraph two. Paragraph two, which I believe would be page 83 of the appendix. So I'm reading that. Tell me where it says that he worked with them previously to the control purchases. No, it doesn't say that, Your Honor. What it indicates is a couple of things. He says that this is a reliable informant. And I made personal observations of control buys in November and December of 2017. When the CI is speaking to the issuing judge, our interpretation of those notes is that he's indicating he had not worked with them in the past. In other words, before December 5th. So paragraph two does not indicate, as your first question asked, that he worked with them before that time. I'm saying that the contradiction is before December 5th, the CI is telling the issuing judge that he has not worked for the Tonawanda Police. That's the contradiction that we asked the court to focus on. You're saying that the judge's notes, the handwritten notes, reflect that the CI said he was not present for those two purchases? He is, yes. The CI is saying he has not worked with the Tonawanda Police in the past. And that would be before December 5th. And I understand what you're saying, the past. Your interpretation of the notes meaning the past means including the two controlled purchases that he's describing in the notes. And these notes are dated December 5th. And the CI is clearly describing controlled purchases that he witnessed that by definition precede the date on which he's speaking to the magistrate. So I guess I'm not understanding your argument. I wouldn't agree, Your Honor, that the notes are describing controlled purchases. They're describing past times that he's been to that location purportedly. Well, it says, last time there, and then there's a name in quotes, purchased $60 of crack. How is that not a description of purchasing drugs? But a controlled purchase, Your Honor, of course, would have to include the procedures of going in with marked money, the description of being searched first, being observed going in, and then leaving after and being searched and so forth. Well, maybe they do, maybe they don't. That may depend on whether you think it was a well-executed controlled buy or a poorly executed one. But the fact that the judge's notes don't reflect anything one way or the other, right? I mean, the fact that the issuing judge didn't take notes doesn't show that the informant affirmatively told the judge that it wasn't a controlled buy, right? But I think the statement, and I don't mean to repeat myself, but that same statement underneath the redaction, which I'm looking at right now, where he indicates has not worked with the Tonawanda Police in the past, we believe does materially contradict that paragraph, too. That's our argument, Your Honor. Thank you, counsel. Your time has expired, but you have reserved two minutes for rebuttal. We'll hear from the government. Good morning. Good morning, Your Honors. Can you all hear me? Thank you. May it please the court. My name is Tiffany Lee, and I represent the United States. The sole issue here is whether or not the search warrant that was issued by Tonawanda Town Justice Gruber was supported by probable cause. And just to follow along with Judge Nardini's questioning, I believe that Mr. Nelson's position is that because of the fact that the notes that Town Justice Gruber took when he met with the confidential informant and camera do not lockstep follow along with the affidavit that was affirmed by Detective Oswald, that's where he's saying that there are inconsistencies or material misrepresentations. And what the government is saying is that when viewed against the standard of whether or not probable cause exists for this warrant and giving Town Justice Gruber the due deference he's accorded, what you have here in the totality of the circumstances is a written application from Detective Oswald and an in-camera meeting that took place with Town Justice Gruber, Detective Oswald, and the confidential informant. Yes, there are notes. And the notes were, you know, we don't know how to read those notes. They could just be certain points during that in-camera proceeding which Town Justice Gruber felt he needed to write down just so that he could keep track of the person who was before him in terms of the confidential informant. But viewed against the totality of the circumstances, there's probable cause to support the issuance of the warrant for Mr. Nelson's residence. And then the government's argument is also that under good faith, Mr. Nelson has failed to show any evidence to show that either there was an abdication by Town Justice Gruber of his role in terms of reviewing the search warrant or that Detective Oswald affirmatively misled him in some way in getting him to sign the warrant. Finally, Your Honors, with respect to the second issue, which Mr. Nelson is not arguing on, the government would rely on its 28-J letter sent on July 28, 2020, where the government advised this court of this court's decision in United States v. Traficante, which we believe resolves the issue in terms of the third-party risk notification condition of special release, excuse me, condition of supervised release, as being that issue is not right before this court and so therefore this court need not review that issue. Counsel, could I ask you one question about the magistrate judge's findings? Yes. I was confused by the magistrate's reading of the notes and apparently finding that the informant, according to the notes, had described being present and observing the sale of crack by the defendant to another individual. Is that the government's position about what the notes show? Yes, and I was referring to, I think it's page 142 of the appendix. Yes, I see 142 of the appendix. I think it was in reference to the last time and then the name of the other individual and then purchased 60 of crack. I don't know if government can take a position on in terms of that that that note specifically supports necessarily the magistrate's finding in terms of what happened, but it's the government's position, your honor, that there is adequate probable cause to support the issuance of the... No, I get that. Did the government take a position before the magistrate judge about what these notes meant? I mean, obviously you had access to defendant Oswald, who could have recounted what was said to the issuing judge. I found this all very confusing because when I read these notes, I presumed that the name in quotes, and I'm not quite sure why this page is under seal because there's material that's already been redacted that I assume would be harmful if released to the public. I don't see what's here, but let's say for the sake of thought not to be disclosed. Is that name in quotation marks? Is that something the government has represented refers to a third party? Or does the government not even know who that name is? Did you not talk to Detective Oswald? I don't know during the time of the litigation of this on the suppression issue whether how what how the context of that particular note came out. I know that, you know, certainly there was litigation over the release of the notes, but then once the notes were issued, they were issued actually directly, I believe, to the magistrate judge. So I don't know if the parties, by my recollection, I don't know if there was a position taken in terms of what the notes meant necessarily. I think the litigation was just focused on whether or not there were notes, whether or not the notes were adequate, or that they, you know, completely transcribed the event, I guess, of the in-camera proceeding. If Your Honor, if I may, I'm more than willing to take a look back and issue a supplemental letter just to clarify in terms of whether or not the government did take a position as to that particular statement. No, that's fine. Thank you, but there's no need for that. Thank you. I have no further questions. Unless the panel has any further questions. Thank you very much. The government rests on its brief. Thank you, counsel. Mr. Murphy, you reserve two minutes for rebuttal. Thank you, Your Honor. In response to Judge Nardini's inquiry before you, Your Honor, I did a review, page 378, and I believe you had mentioned lines 14, excuse me, 14 through 16. We would ask that we be permitted to supplement with a letter here to address this issue further. I do recognize... Your voice is getting lower again. I apologize. I do recognize that it does say what, of course, His Honor had indicated. We would like to supplement with a letter, if we could, to the court to address whether this has been conceded or not. I would like to also address counsel's comments in response to Your Honor's questions with regards to the magistrate's finding. If we look at page 318 of the joint appendix, the district court appears to be accepting the finding of the magistrate specifically with to this point. If we look at the notes, we do not believe that it indicates that it is, in fact, the defendant who is involved with these transactions. It says purchased drugs many times. It doesn't indicate in any way that it was from the defendant. So the district court at page 318 adopts, if you will, and accepts the finding from page 142 from the magistrate's decision, and we believe that's erroneous. I would ask the court to make a parallel, just in the few seconds I have left, with another application. Well, actually, can I can I talk on that? Because I think it's an interesting point about the magistrate judge's finding. That's why I raised it. But that name that appears in quotes, I read that as a reference to the defendant. Well, Judge, when you say in quotes, do you mean above? And I apologize to put you through this, but above the phrase purchased drugs many times, is that what you're referring to? No, I'll read. I'll read the line that's exactly in the middle of the page without the relevant name. It said last time their name in quotes purchased $60 of crack. Donna answered the door and then that name again took crack from pill bottle in caddy while sitting in rocking chair. And that would seem to line up with the $60 that's referenced in the PSR as being one of the controlled purchases for $60 of drugs. I mean, in context, it seemed to me that the most logical reason reading of that is that the CI went there and bought it from your client who was using that alias. But again, I don't know because and that's what I'm asking the parties what the record discloses on that. The purchase drugs many times, which was emphasized by the magistrate and then by the district court, we believe that aspect there is not supported by the notes. And that follows the phrase that your honor had just mentioned. The phrase that you had mentioned, the potential alias, if you can read the notes to indicate that, which I agree, I'm not sure. What is the standard of review on all this? Is it clearer review or? Clearer on the historical facts that we're considering. It's a deferential, of course, under Gates. Is there a substantial basis for it within that same context? Of course, judge, I know your honors know this in Gates. The issuing court is not supposed to be merely ratifying bare conclusions. And we'd ask the court to focus in on that as well as the rest of the Gates standard. Thank you. And I see that I'm over the time. Thank you both for reserved decision.